UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHLEEN LADUCA and LUCIO LADUCA, individually and on behalf of all others similarly situated, | Docket No.: |
| Plaintiffs, | **COMPLAINT** |
| v. | **FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION** |
| BARI HOME CARE, LLC and ASEF BARI, | |
| Defendants. | **JURY TRIAL DEMANDED** |

Plaintiffs Kathleen LaDuca and Lucio LaDuca ("Named Plaintiffs"), by their attorneys Virginia & Ambinder, LLP, on behalf of themselves and all others similarly situated, (collectively "Plaintiffs") allege upon personal knowledge as to themselves and their own acts, and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1.     Named Plaintiffs are residents of the State of New York and are presently or were formerly employed by Bari Home Care, LLC ("Bari Home Care") and Asef Bari ("Bari") (collectively "Defendants") as home care aides to provide personal care, assistance, health-related tasks and other home care services to Defendants' clients within the State of New York.

2.     Named Plaintiffs seek to recover wages and benefits which Named Plaintiffs were statutorily and contractually entitled to receive pursuant to Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq*. (hereinafter referred to as "FLSA"). Named Plaintiffs seek, for themselves and similarly situated employees, unpaid overtime wages, damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

3.     Named Plaintiffs also seek for themselves and similarly situated employees, to recover wages and benefits Plaintiffs were statutorily and contractually entitled to receive pursuant

to New York Labor Law (hereinafter referred to as "NYLL") § 190 *et seq.*, 12 New York Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") §§ 142-2.2, 142-2.6, 142-2.10, and New York Public Health Law § 3614-c (the "Wage Parity Act"). Named Plaintiffs further seek damages for themselves and similarly situated employees due to Defendants' failure to provide Plaintiffs with accurate wage statements under NYLL § 195, and unlawful denial of safe and sick leave pursuant to New York City, N.Y., Code § 20-913.

4.     Defendants engage in common, willful, and deliberate policies and practices of failing to compensate Plaintiffs in accordance with the FLSA and NYLL.

5.     Upon information and belief, Defendants have violated the FLSA and NYLL by maintaining a policy and practice of requiring Plaintiffs to regularly work in excess of forty hours per week without providing overtime compensation for all hours worked and failing to pay proper wages and benefits for all hours Plaintiffs worked in accordance with the Wage Parity Act.

6.     As a result of its failure to properly pay Plaintiffs for all overtime hours and in accordance with the Wage Parity Act, Defendants issue Plaintiffs wage statements that do not accurately reflect their overtime hours worked and proper wage and benefit rates and, thus, are inaccurate and unlawful under the NYLL causing concrete harm to Plaintiffs.

7.     Defendants also implement an unlawful policy and practice of denying Plaintiffs' requests for safe and sick leave.

8.     Plaintiffs have initiated this action seeking overtime compensation, as well as damages arising from Defendants Wage Parity Act violation, which they were deprived of, plus damages for inaccurate wage statements and unlawful denial of safe and sick leave, interest, attorneys' fees, and costs.  These claims arise from Defendants' systemic wage abuse against Plaintiffs.

## JURISDICTION AND VENUE

9.       Pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1343, the Court has subject matter jurisdiction over this action because it involves federal questions regarding the deprivation of Plaintiffs' rights under the FLSA.

10.      The Court also has supplemental jurisdiction over Plaintiffs' related claims arising under State and local law pursuant to 28 U.S.C. § 1367.

11.      Venue is proper under 28 U.S.C. § 1391 because Defendants' principal place of business is located in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

12.      Named Plaintiffs are individuals who are currently residents of the State of New York.

13.      Named Plaintiffs' written consents to sue are attached hereto as Exhibit A.

14.      Defendant Bari Home Care, LLC is a domestic limited liability company organized under the laws of the State of New York, with its primary office at 469 Donald Boulevard, Holbrook, New York 11741.  Bari Home Care is primarily engaged in providing nursing and home health aide services at the residences of its clients.

15.      Upon information and belief, individual Defendant Asef Bari resides at 469 Donald Blvd, Holbrook, New York 11741 and serves or served as owner, manager, principal, president and/or agent of Bari Home Care. Asef Bari has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiffs.

16.      At all times relevant to this action, Plaintiffs were "employees" covered by the

FLSA and NYLL, and Defendants were an "employer" of Plaintiffs, as those terms are defined by 29 U.S.C.A. §§ 203 (d) and (e)(1), NYLL §§ 190 (2) and (3) and applicable regulations, 12 N.Y.C.R.R. § 142-2.14.

17.     At all relevant times, Defendants have been, and continue to be an "employer" engaged in interstate "commerce" and/or in the "production of goods" for "commerce", within the meaning of 29 U.S.C. § 203 and the NYLL, and grosses more than $500,000.00 per year. At all relevant times, Defendants employed "employee[s]", including Named Plaintiffs, each of the FLSA Collective Plaintiffs and the Class Members.

## FACTS

18.     At all relevant times, Named Plaintiffs were non-exempt home health aides employed in New York by Defendants to provide personal home health care and assistance to Defendants' clients in their homes.

19.     Plaintiff KATHLEEN LADUCA worked for Defendants as a home health aide from approximately December 2021 to June 2024.

20.     KATHLEEN LADUCA worked approximately four shifts per week from approximately 9 a.m. to 10 p.m., for a total of approximately 52 hours per week.

21.     Plaintiff LUCIO LADUCA worked for Defendants as a home health aide from approximately December 2021 to June 2024.

22.     LUCIO LADUCA worked approximately three shifts per week from approximately 9 a.m. to 10 p.m., for a total of approximately 39 hours per week.

23.     Named Plaintiffs' duties included, but were not limited to, personal care services, such as assistance with dressing, bathing and personal grooming, cooking and feeding, changing diapers, household chores such as heavy and light cleaning, laundry, making appointments,

escorting clients to the doctor, and making transportation arrangements.

24.     Named Plaintiffs were paid approximately $17.00 to $22.00 per hour, however, they were not paid for all hours worked.

25.     On several occasions, Named Plaintiff Kathleen LaDuca's paychecks would bounce, and she never received compensation for the work she performed for Defendants.

26.     Named Plaintiff Kathleen LaDuca generally worked more than 40 hours per week, but was not paid overtime compensation for hours worked in excess of forty per week.

27.     Specifically, Named Plaintiff Kathleen LaDuca typically worked 52 hours per week, however, Defendants paid Named Plaintiff Kathleen LaDuca with two checks per week – one check showing approximately 39 hours worked, and a second check showing approximately 13 hours worked.  Defendants paid Named Plaintiff Kathleen LaDuca at her straight time rate for all hours worked and failed to pay her overtime compensation for the hours she worked beyond forty in any given week.

28.     At all relevant times, Defendants maintained a common policy and practice of assigning Plaintiffs to work more than 40 hours per week without paying them overtime compensation for hours worked in excess of forty per week, in violation of the FLSA and NYLL.

29.     Plaintiffs are "Home Care Aides" within the meaning of NY Public Health Law § 3614-c.

30.     Bari Home Care is a "certified home health agency," "long term home health care program," "managed care plan," and/or "licensed home care services agency," that furnishes "home care aide" within the meaning of NY Public Health Law § 3614-c.

31.     Upon information and belief, Defendants entered into contract(s) with government agencies, and/or entered into subcontracts with entities that contracted with government agencies,

which called for Defendants to pay Plaintiffs prevailing rates of wages and benefits as required by NY Public Health Law § 3614-c.

32.    Upon information and belief, the schedule of prevailing rates of wages and benefits to be paid to all workers furnishing labor pursuant to the contracts was included in and formed a part of the contract(s).

33.    Plaintiffs furnished labor to Defendant in furtherance of Defendants' performance of the contract(s). Nevertheless, Defendants willfully paid Plaintiffs less than the prevailing rates of wages and benefits to which Plaintiffs were entitled.

34.    The agreement to pay Plaintiffs the prevailing rates of wages and benefits was required by NY Public Health Law § 3614-c was made for the benefit of Plaintiffs.

35.    Pursuant to NY Public Health Law § 3614-c, governmental agencies "must obtain a written certification from the licensed home care services agency or other third party, on forms prepared by the department in consultation with the department of labor, which attests to the licensed home care services agency's or other third party's compliance with the terms of this section. Such certifications shall also obligate the certified home health agency, long term home health care program, or managed care plan to obtain, on no less than a quarterly basis, all information from the licensed home care services agency or other third parties necessary to verify compliance with the terms of this section. Such certifications and the information exchanged pursuant to them shall be retained by all certified home health agencies, long term home health care programs, or managed care plans, and all licensed home care services agencies, or other third parties for a period of no less than ten years, and made available to the department upon request."

36.    Upon information and belief, Defendants made the required certifications concerning compliance with the wage provisions of NY Public Health Law § 3614-c.

37.    Upon information and belief, Defendants willfully paid Plaintiffs less than the rates of wages and benefits to which they were entitled.

38.    Defendants' actions as described herein were intentional and not made in good faith.

39.    The NYLL requires that employers, including Defendants, issue or provide employees with accurate wage statements with each payment of wages.

40.    Defendants have failed to furnish Plaintiffs with accurate wage statements throughout the statutory period.

41.    Indeed, because Defendants paid or pays Plaintiffs with multiple checks per week and does not accurately report Plaintiffs' overtime hours, overtime rates, or prevailing wages and benefits earned under the Wage Parity Act, Plaintiffs' wage statements do not accurately reflect their overtime hours worked or proper rates of pay.

42.    Failing to inform Plaintiffs of their overtime hours worked, overtime rates, and prevailing wages and benefits earned under the Wage Parity Act was part of Defendants' scheme to deprive them of their proper wages and overtime compensation.

43.    As a result of Defendants failure to provide Plaintiffs with accurate wage statements with each payment of wages, Plaintiffs have suffered concrete harm.

44.    By routinely providing Plaintiffs with inaccurate information, Defendants made it more difficult for Plaintiffs to determine whether and to what extent they were underpaid each week, thus, impinging on their rights and their ability to advocate for proper pay.

45.    As a result of Defendants' actions, Plaintiffs have been prevented from, *inter alia*: (i) realizing their true overtime hours worked; (ii) realizing that they were underpaid and by how much; and (iii) taking appropriate action to obtain the payments due to them.

46.     Upon information and belief, Defendants failed to provide Plaintiffs with a written safe and sick leave policy that explained Plaintiffs right to request time off.

47.     Named Plaintiff Lucio LaDuca made several requests for safe and sick leave during his employment that were denied by Defendants.

48.     At all relevant times, Defendants had a common policy and practice of denying Plaintiffs' requests for safe and sick leave.

49.     Upon information and belief, Defendants failed to inform Plaintiffs of their accrued, used, and total leave balances each pay period.

## COLLECTIVE ACTION ALLEGATIONS

50.     Plaintiffs bring the First Cause of Action as a collective action pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of all persons employed by Defendants as home health aides from October 2021. All said persons, including Plaintiffs, are referred to herein as the "FLSA Collective Plaintiffs."

51.     At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, job duties and pay provisions, and are and have been subject to Defendants' decision, policy, plan, practice, procedure, routine and rules to willfully fail and refuse to pay them the legally required overtime premium for all hours worked in excess of forty (40) hours per workweek.  The claims of the Plaintiff herein are essentially the same as those of the other FLSA Collective Plaintiffs.

52.     Other home health aides currently or formerly employed by Defendants should have the opportunity to have their claims for violations of the FLSA heard.  Certifying this action as a collective action under the FLSA will provide other non-exempt home health aides to receive notice of the action and allow them to opt in to such an action if they so choose.

53.     The First Cause of Action is properly brought under and maintained as an opt-in collective action pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable.  For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

54.     Plaintiff brings the Second, Third, Fourth, and Fifth Causes of Action pursuant to Rule 23, to recover unpaid overtime pay, prevailing wages and benefits, and other damages on behalf of all individuals employed in the State of New York by Defendants as home health aides from October 2018 (the "Class Period"). All said persons, including Plaintiff, are referred to as the "Class Members" and/or the "Class".

55.     The number, names and addresses of the Class Members are readily ascertainable from the records of the Defendants. The dates of employment and the rates of pay for each Class Member, the hours assigned and worked, and the wages paid to them, are also determinable from Defendants' records. Notice can be provided by means permissible under Rule 23.

56.     The proposed Class is so numerous that joinder of all Class Members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. There are at least three hundred members of the Class.

57.     The questions of law and fact common to the Class predominate over any questions affecting only individual members.  These questions of law and fact include, but are not limited to, whether Defendants engaged in a pattern and practice of: (1) failing to pay overtime wages, at the applicable overtime hourly rate, for all hours worked in excess of 40 hours in any given week; (2)  failing to pay wages and benefits in accordance with the Wage Parity Act; (3)

failing to provide Plaintiffs with accurate wage statements; (4) failing to provide Plaintiffs with a written safe and sick leave policy that explained Plaintiffs right to request time off and denying Plaintiffs' requests for safe and sick leave; and (5) failing to inform Plaintiffs of their accrued, used, and total leave balances each pay period.

58.    Plaintiffs' claims are typical of the claims of the other Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. All the Class Members sustained damages, including underpayment of wages as a result of Defendants' common compensation policies and practices. The defenses that Defendants are likely to assert against the Named Plaintiffs' claims are typical of the defenses that Defendants are likely to assert against the class.

59.    Plaintiffs and the other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures caused by Defendants' violations of the NYLL.

60.    Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiffs have retained Virginia & Ambinder, LLP, an experienced employment and class and collective action litigation firm.

61.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries and damages suffered by each of the individual Class

Members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

62.    Upon information and belief, employees of Defendants are often afraid to individually assert their rights out of fear of direct or indirect retaliation and former employees are fearful of bringing individual claims because the fear that doing so could harm their employment, future employment, and future efforts to secure employment.  A class action provides Class Members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

63.    Absent a class action, many of the Class Members likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of the NYLL and Wage Parity Act.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF THE FLSA: FAILURE TO PAY OVERTIME**

64.     Plaintiffs hereby repeats and realleges the foregoing allegations as if set forth fully herein.

65.     During the full statutory period, Plaintiffs were protected by the provisions of the FLSA, 29 U.S.C §§ 201, *et seq.*, and applicable regulations thereunder.

66.     The FLSA requires covered employers, including Defendants, to compensate employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

67.     Plaintiffs are not exempt from the requirement that their employer pay them overtime under the FLSA, and they are entitled to be paid overtime by Defendants for all hours worked in excess of 40 hours in a workweek during the full statute of limitations period.

68.     Throughout the full statute of limitations period, Defendants have engaged in a policy and practice of failing to compensate Plaintiffs at a rate not less than one and one-half times their regular rate of pay for time spent performing work in excess of 40 hours in a workweek.

69.     As a result of Defendants' failure to compensate Plaintiffs at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek, Defendant has violated the FLSA and/or applicable regulations thereunder.

70.     Defendants acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiffs in accordance with the FLSA and/or applicable regulations thereunder.

71.     Defendants' violations of the FLSA have significantly damaged Plaintiffs and entitle them to recover damages to the greatest extent permitted by law, including, *inter alia*, the total amount of their unpaid wages, an additional equal amount in liquidated damages,

prejudgment interest, and attorneys' fees and costs.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE NYLL: FAILURE TO PAY OVERTIME

72.     Plaintiffs hereby repeats and realleges the foregoing allegations as if set forth fully herein.

73.     During the full statutory period, Plaintiffs were protected by the provisions of the NYLL §§ 1, *et seq.*, as well as all applicable regulations thereunder.

74.     The NYLL requires covered employers, including Defendants, to compensate Employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

75.     Plaintiffs are not exempt from the requirement that Defendants pay them overtime under the NYLL, and they are entitled to be paid overtime by Defendants for all hours worked in excess of 40 hours in a workweek during the full statute of limitations period.

76.     Throughout the full statute of limitations period, Defendants have engaged in a policy and practice of failing to compensate Plaintiffs at a rate not less than one and one-half times their regular rate of pay for time spent performing work in excess of 40 hours in a workweek.

77.     As a result of Defendants' failure to compensate Plaintiffs at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek, Defendant has violated the NYLL and/or applicable regulations thereunder.

78.     Defendants acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiffs in accordance with the NYLL.

79.     Defendants' violations of the NYLL have significantly damaged Plaintiffs and entitle them to recover damages to the greatest extent permitted by law, including, *inter alia*, the

total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### BREACH OF CONTRACT

80.     Plaintiffs reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

81.     Upon information and belief, Defendants entered into contract(s) with government agencies, and/or entered into subcontracts with entities that contracted with government agencies, which called for Defendants to pay Plaintiffs prevailing rates of wages and benefits as required by NY Public Health Law § 3614-c.

82.     Upon information and belief, the schedule of prevailing rates of wages and benefits to be paid all workers furnishing labor pursuant to the contracts was included in and formed a part of the contract(s).

83.     Beginning in or about October 2018, Plaintiffs furnished labor to Defendants in furtherance of Defendants' performance of the contract(s).

84.     Defendants willfully paid Plaintiffs less than the prevailing rates of wages and benefits to which Plaintiffs were entitled and breached their obligation to pay Plaintiffs all wages they were due as required by NY Public Health Law § 3614-c.

85.     Upon information and belief, at all times relevant to this complaint, Defendants were required to certify and did certify that it paid Plaintiffs wages as required by NY Public Health Law § 3614-c.

86.     Plaintiffs, as third-party beneficiaries of Defendants' contract(s) with government agencies, and/or subcontracts with entities that contracted with government agencies, to pay wages as required by the Wage Parity Act, are entitled to relief for the breach of this contractual

obligation, plus interest.

## FOURTH CAUSE OF ACTION
## NEW YORK LABOR LAW FAILURE TO PAY WAGES

87.     Plaintiffs reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

88.     Pursuant to Article Six of the NYLL, workers, such as the Plaintiffs are protected from wage underpayments and improper employment practices.

89.     Pursuant to NYLL § 191 and the cases interpreting same, workers such as Plaintiffs are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

90.     Pursuant to NYLL § 193, "No employer shall make any deduction from the wages of an employee," such as Plaintiffs, that is not otherwise authorized by law or by the employee.

91.     Defendants failed to pay Plaintiffs all wages due, including minimum wages and overtime wages, and wages under the NY Home Care Worker Wage Parity Act, for the hours they worked for Defendants.

92.     By withholding wages and overtime payments for time worked after forty hours in one week from Plaintiffs, pursuant to NYLL § 193 and the cases interpreting same, Defendants made unlawful deductions in wages owed to Plaintiffs.

93.     Defendants' failure to comply with the NYLL caused Plaintiffs to suffer loss of wages and interest thereon.

94.     Defendants' failure to comply with the NYLL was willful.

95.     Due to Defendants' violations of the NYLL, Plaintiffs entitled to recover from Defendants their unpaid wages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest

## FIFTH CAUSE OF ACTION
## VIOLATIONS OF THE NYLL: INACCURATE WAGE STATEMENTS

96.    Plaintiffs reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

97.    During the full statutory period, Plaintiffs were protected by the provisions of the NYLL, N.Y. Lab. Law §§ 1, *et seq.*, as well as all applicable regulations thereunder.

98.    The NYLL requires covered employers, including Defendants, to "furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages;  name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage . . . and net wages."

99.    Plaintiffs were not exempt from the requirement that Defendants provide them with accurate wage statements.

100.    Throughout the full statute of limitations period, Defendants have engaged in a common policy and practice of unlawfully failing to furnish accurate wage statements to Plaintiffs.

101.    Indeed, because Defendants paid or pays Plaintiffs with multiple checks per week and does not accurately report Plaintiffs' overtime hours, overtime rates, or prevailing wages and benefits earned under the Wage Parity Act, Plaintiffs' wage statements do not accurately reflect their overtime hours worked or proper rates of pay.

102.    Failing to inform Plaintiffs of their overtime hours worked and proper rates of pay was part of Defendant's scheme to deprive them of their proper wages and overtime compensation.

103.    As a result of Defendants' failure to provide Plaintiffs with accurate wage statements with each payment of wages, Plaintiffs have suffered concrete harm.

104.    By routinely providing Plaintiffs with inaccurate information, Defendants made it more difficult for Plaintiffs to determine whether and to what extent they were underpaid each week, thus, impinging on their rights and their ability to advocate for proper pay.

105.    Defendants' unlawful actions prevented Plaintiffs from, *inter alia*: (i) realizing their true overtime hours worked; (ii) realizing that they were underpaid and by how much; and (iii) taking appropriate action to obtain the payments due to them.

106.    As a result of Defendants' failure to furnish accurate wage statements to Plaintiffs, Defendants have violated, *inter alia*, NYLL § 195.

107.    Defendants acted willfully and deliberately in maintaining an intentional practice of failing to furnish proper wage statements to Plaintiffs in accordance with the NYLL.

108.    Defendants' violations of the NYLL have significantly damaged Plaintiffs and entitles them to recover damages to the greatest extent permitted by law, including, *inter alia*, $250 for each workday the violation occurred, not to exceed $5,000, plus attorneys' fees and costs.

### SIXTH CAUSE OF ACTION
### NEW YORK CITY PAID SAFE AND SICK LEAVE LAW

109.    Plaintiffs reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

110.    New York City, N.Y., Code § 20-913 requires employers that employ five or more employees to provided paid safe and/or sick leave to their employees at the employee's regular rate of pay at the time leave is taken.

111.    An employer is required to provide employees, at the commencement of their employment, with written notice of employees' right to safe and sick leave pursuant to N.Y., Code § 20-919, including the accrual and use of safe and sick leave, the calendar year of the employer, the right to be free from retaliation, and the right to file a complaint. Such information must be

provided in the primary language spoken by the employee and in English.

112.    An employer must note the total balance of accrued safe and sick leave on pay statements or other forms of written documentation each pay period.

113.    At all times relevant, Defendants employed five or more employees within New York City.

114.    Defendants failed to provide Plaintiffs with a written safe and sick leave policy.

115.    Defendants regularly denied Plaintiffs' requests for safe and sick leave.

116.    Defendants failed to provide Plaintiffs with notice of their total balance of accrued safe and sick leave on pay statements each pay period.

117.    Due to Defendants' willful violation, Plaintiffs are entitled to relief, including but not limited to, compensatory damages, injunctive and declaratory relief, attorneys' fees and costs, and any such other relief the Court deems appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court:

A.    Declare that the practices complained of herein are unlawful under applicable federal and State law;

B.    Determine the damages sustained by Plaintiffs as a result of Defendants' violations of the FLSA, and award those damages against Defendants and in favor of Plaintiffs, plus such pre-judgment and post-judgment interest as may be allowed by law;

C.    Determine the damages sustained by Plaintiffs as a result of Defendants' violations of the NYLL, and award those damages against Defendants and in favor of Plaintiffs, plus such pre-judgment and post-judgment interest as may be allowed by law;

D.    Award Plaintiffs an additional equal amount as liquidated damages because

Defendants' violations were without a good faith basis;

      E.    Award Plaintiffs their reasonable attorneys' fees and costs and disbursements in this action including, without limitation, any accountants' or experts' fees; and

      F.    Grant Plaintiffs such other and further relief that the Court deems just and proper.

## **JURY DEMAND**

      Plaintiffs demand a trial by jury on all causes of action and claims with respect to which they have a right to a jury trial.

Dated: New York, New York
      November 15, 2024          Respectfully submitted,

                      VIRGINIA & AMBINDER, LLP

                      By:      /s/
                          LaDonna M. Lusher, Esq.
                          Michele Moreno, Esq.
                          Paige Piazza, Esq.
                          40 Broad Street, Seventh Floor
                          New York, New York 10004
                          Tel:    (212) 943-9080
                          Fax:    (212) 943-9082
                          llusher@vandallp.com
                          mmoreno@vandallp.com
                          ppiazza@vandallp.com

                          *Attorneys for the Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KATHLEEN LADUCA and LUCIO LADUCA, individually and on behalf of all others similarly situated, )))) | |
| )) | Civil Action No.: |
| Plaintiffs, ) | **CONSENT TO JOIN FORM** |
| v. ) | |
| )) | |
| BARI HOME CARE, LLC and ASEF BARI, )) | |
| )) | |
| Defendants. ))) | |

     I, KATHLEEN LADUCA, was employed by Defendants Bari Home Care, LLC and Asef Bari (collectively "Defendants"). I hereby consent to be a named plaintiff in this lawsuit against Defendants in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Virginia & Ambinder, LLP as my attorneys.

Signature: *Kathleen LaDuca*

Print Name: *Kathleen LaDuca*

Date: Nov. 11, 2024

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

KATHLEEN LADUCA and LUCIO LADUCA,                    )
individually and on behalf of all others similarly        )
situated,                                                )    Civil Action No.:
                                                         )
                                        Plaintiffs,  )    **CONSENT TO JOIN FORM**
                                                         )
                    v.                                   )
                                                         )
BARI HOME CARE, LLC and ASEF BARI,               )
                                                         )
                                                         )
                                        Defendants.  )
                                                         )
                                                         )

  I, LUCIO LADUCA, was employed by Defendants Bari Home Care, LLC and Asef Bari (collectively "Defendants"). I hereby consent to be a named plaintiff in this lawsuit against Defendants in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate Virginia & Ambinder, LLP as my attorneys.

Signature: _____

Print Name: _Lucio LaDuca_

Date: _November 11, 2024_