

VIRGINIA & AMBINDER LLP
Attorneys at Law

40 Broad Street, 7th Floor
New York, New York 10004
Telephone: 212.943.9080
www.vandallp.com

**LaDonna M. Lusher, Esq.**
**Partner**
llusher@vandallp.com

April 8, 2026

**VIA ECF**
Judge Joseph A. Marutollo, U.S.M.J.
United States District Court,
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *Laduca et al v. Bari Home Care, LLC et al*, Docket No. 24-cv-07970 (LDH)(JAM)

Dear Judge Marutollo,

This firm is counsel to Plaintiffs and the certified collective in the above-referenced action. Together with Defense Counsel, we submit this joint status report, and request to extend the April 8, 2026 pre-class certification discovery deadline and the April 15, 2026 deadline for Plaintiffs to seek leave to move for class certification.  The parties further respectfully request referral to the Court's ADR/Mediation Program so that the parties may explore potential resolution of this matter.

The Parties have been proceeding with pre-class certification discovery. On August 18, 2025, Plaintiffs served their Amended First Set of Discovery Demands on Defendants. On December 30, 2025, Defendants served their Second Set of Demands on the Named Plaintiffs and fifteen Opt-In Plaintiffs in accordance with the December 19, 2025 So-Ordered Stipulation ("Discovery Stipulation").[1] [See Dkt No. 41.] Defendants served their responses to Plaintiffs' Demands on February 11, 2026. Plaintiffs served Defendants with responses on April 7, 2026.

**Defendants' Discovery Responses**

On March 31, 2026, the parties met and conferred regarding Defendants' said Discovery Responses. On April 1, 2026, Plaintiffs, pursuant to the March 31, 2026 meet and confer, sent Defendants a deficiency letter outlining information and documents Plaintiffs contend were agreed upon in the Discovery Stipulation, but were not produced by Defendants, such as full payroll and time records for each of the fifteen opt-in Plaintiffs.  Plaintiffs contend that Defendants' production was incomplete and have requested additional payroll records and timesheets. Defendants

---

[1] There is a total of twenty-nine Opt-In Plaintiffs that filed consents to join this action, however, as part of the Discovery Stipulation, the parties agreed to conduct discovery on fifteen.

1



responded by letter dated April 2, 2026, disputing Plaintiffs' assertions and expressly reserving all rights with respect to Plaintiffs' deficiency claims.

Additionally, given that Defendants' production did not contain any records prior to 2022, Plaintiffs requested production of payroll records and timesheets for an agreed upon sampling of class members who performed work in 2018, 2019, 2020 and 2021. Plaintiffs filed this putative class action on November 15, 2024, thus, the statute of limitations for Plaintiffs' New York Labor Law claims dates back to November 15, 2018. Plaintiffs contend they need records that are representative of the entire class period. Plaintiffs offered to meet and confer with Defendants to reach an agreed upon sampling that would not be burdensome for Defendants.

### Plaintiffs' Discovery Responses

Plaintiffs produced responses for nine of the fifteen Opt-In Plaintiffs on April 7, 2026. Plaintiffs were delayed in producing their responses due to difficulties in reaching several of the selected Opt-In Plaintiffs, as well as personal circumstances affecting Plaintiffs' counsel.[2] Given that Plaintiffs were unable to produce their responses until April 7, 2026, Defendants have not had an opportunity to fully review the responses.

Additionally, Plaintiffs were not able to reach six of the Opt-In Plaintiffs selected for discovery, or those Opt-Ins declined to participate in discovery.[3] Plaintiffs have offered to provide responses for six other Opt-In Plaintiffs that the parties agree upon after meeting and conferring. The parties dispute the sufficiency of each other's respective discovery responses and intend to continue to meet and confer regarding any outstanding issues.

### The Parties' Request for ADR Referral

During the March 31, 2026 meet and confer, the parties began exploring the possibility of settling this matter. While these were initial, limited conversations, the parties share a mutual interest in exploring potential resolution, and agreed that appearing before a neutral would be helpful. The parties respectfully request this Court issue a referral to the Court's ADR/Mediation Program so that the parties can further explore settlement.

### The Parties' Request for Extension of Deadlines

Given that the Parties continue to engage in pre-class certification discovery, and that some limited discovery remains outstanding, the Parties' request that the deadline to complete pre-class certification discovery be extended from April 8, 2026 to June 8, 2026. The Parties are mindful of this Court's December 19, 2025 Order stating there would be no further extensions of this deadline, however the parties respectfully submit they have good cause for such an extension. Both

---

[2] Plaintiffs' counsel is a small firm that has been contending with meeting deadlines in several matters while one partner recently went on parental leave, one partner had a death in the family, and various absences for the Passover and Easter holidays.

[3] There were also language barriers with two Opt-In Plaintiffs that Plaintiffs' Counsel is attempting to resolve.



parties have limited additional pre-class certification discovery to complete, and the parties would like to explore settlement before expending additional resources on motion practice. Moreover, the parties could conclude any limited outstanding discovery while exploring settlement, which may assist the parties in reaching a resolution.

Accordingly, the parties respectfully request that the deadline for pre-class certification discovery be extended, and that the April 15, 2026 deadline for Plaintiffs to seek leave to move for class certification be extended to on or before June 15, 2026. We thank the Court for its continued patience and attention to this matter.

Respectfully submitted,

*/s/ LaDonna M. Lusher, Esq.*

Cc: All counsel of record (via ECF)