UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHLEEN LADUCA and LUCIO LADUCA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>BARI HOME CARE, LLC and ASEF BARI,<br><br>Defendants. | Docket No.: 24-cv-07970-LDH-JAM |

**AMENDED SETTLEMENT AGREEMENT**

**THIS SETTLEMENT AGREEMENT** ("Agreement"), dated November 9, 2026, by and between Named Plaintiffs Kathleen LaDuca and Lucio LaDuca (the "Named Plaintiffs"), the Participating Plaintiffs (as defined in Section I below), each of whom shall become a party to this Agreement only upon the individual's timely execution and return of a Consent to Join Settlement and Release Form in accordance with Section IV, and Defendants Bari Home Care, LLC and Asef Bari ("Defendants", and together with the Named Plaintiffs and the Participating Plaintiffs, the "Parties"). The Parties agree to resolve the Named Plaintiffs' and Participating Plaintiffs' Fair Labor Standards Act ("FLSA") and related New York Labor Law ("NYLL") wage claims against Defendants in the above-captioned action (the "Action") on the following terms and conditions.

**WITNESSETH:**

WHEREAS, on July 21, 2025, the Named Plaintiffs filed their First Amended Complaint against Defendants Bari Home Care, LLC and Asef Bari (as hereinafter defined) in the United States District Court for the Eastern District of New York (Civil Action No.: 24-cv-07970-(LDH)(JAM)); and

WHEREAS, the Action includes collective action claims against Defendants under the Fair Labor Standards Act ("FLSA") and putative class action claims against Defendants under the New York Labor Law ("NYLL");

WHEREAS, on June 12, 2025, the Court conditionally certified Plaintiffs' FLSA claims as a collective action by so-ordering a stipulation of the Parties (ECF No. 19), and notice of the collective action was thereafter distributed to approximately 546 current and former employees of Defendants;

WHEREAS, in addition to Named Plaintiffs Kathleen LaDuca and Lucio LaDuca, twenty-nine (29) individuals have filed consent forms to join the Action, including: Aminur Rashid Chowdhury, Ayesha Akter, Fatema Choudhury, Foujia Aktera, MD Ashadul Islam, Shyamal Sarkar, Alex Greaves, Janardhan Chowdhury, Seygngolly Angibeau, Shahreen Ahmed, Sharmila Khetwaroo, Shemu Akhter, MD Mahbub Ahmed, Shahena Akter, Tasmina Hawa-Ahad, Kulsuma

Begum, Marline Ramkissoon, Mst Sumona Azmery, Ruhel Rahmman, Shati Akther, Soltan Nahain Alhassan, Meher N. Chowdhury, Jahanara Begum, MD Ashad Ujjaman, Mohammed Ali, Afsan Quayyum, Rumi Begum, Syed Abeer Ahmed and Abdullah Mamun. These twenty-nine (29) individuals are referred to herein as the "Opt-In Plaintiffs";

WHEREAS, on August 21, 2026, following three mediation sessions before mediator Roger Briton, the Named Plaintiffs and Defendants reached an agreement in principle to resolve the Action, subject to the affirmative consent of each Opt-In Plaintiff and the approval of the Court;

WHEREAS, by Order dated October 20, 2026, the Court denied without prejudice the motion for approval of the settlement (ECF No. 51) and directed the Parties to file a joint motion for preliminary approval of the settlement that includes a procedure giving the Opt-In Plaintiffs notice of the settlement terms and the ability to review and object or consent to the settlement;

WHEREAS, the Parties intend that this Agreement amend, restate, and supersede in its entirety the Settlement Agreement previously submitted to the Court, and that no Opt-In Plaintiff shall be bound by this Agreement unless that Opt-In Plaintiff affirmatively consents to it in writing;

WHEREAS, it is the desire of the Named Plaintiffs and Participating Plaintiffs, and Defendants to fully, finally, and forever memorialize, settle, compromise, and discharge all disputes and claims that have been brought in or that reasonably arise out of the facts alleged in the pending Action, *i.e.,* the alleged practices set forth in detail in the Complaint;

NOW, THEREFORE, in consideration of the mutual covenants, promises and warranties set forth herein, the Parties agree, subject to the Court's approval, to the following:

## I. **<u>COVERED ENTITIES</u>**

A. This Agreement settles claims asserted in the Action by the Named Plaintiffs and the Participating Plaintiffs against Defendants. This Agreement does not settle, release, or otherwise affect the claims of (i) any Non-Participating Opt-In Plaintiff, or (ii) any member of the putative Rule 23 class alleged in the Action who is not a Named Plaintiff or a Participating Plaintiff.

B. The term "Defendants" means Bari Home Care, LLC and Asef Bari and shall include, for purposes of the waiver and release of claims herein, their respective predecessors and successors in interest, parents, subsidiaries, divisions, affiliates, assigns, insurers, reinsurers, and all of their current and former representatives, shareholders, partners, members, directors, officers, trustees, employees, and agents (in their individual and representative capacities) as set forth in Section IV.

C. The term "Opt-In Plaintiffs" means the twenty (29) individuals who filed consents to join the Action: Aminur Rashid Chowdhury, Ayesha Akter, Fatema Choudhury, Foujia Aktera, MD Ashadul Islam, Shyamal Sarkar, Alex Greaves, Janardhan Chowdhury, Seygngolly Angibeau, Shahreen Ahmed, Sharmila Khetwaroo, Shemu Akhter, MD Mahbub Ahmed, Shahena Akter, Tasmina Hawa-Ahad, Kulsuma

Begum, Marline Ramkissoon, Mst Sumona Azmery, Ruhel Rahmman, Shati Akther, Soltan Nahain Alhassan, Meher N. Chowdhury, Jahanara Begum, MD Ashad Ujjaman, Mohammed Ali, Afsan Quayyum, Rumi Begum, Syed Abeer Ahmed and Abdullah Mamun, and shall also include any and all representatives, heirs, administrators, executors, beneficiaries, agents, attorneys, and assigns of such individuals, as applicable and without limitation.

D. The term "Participating Plaintiff" means each Opt-In Plaintiff who timely executes and returns a Consent Form in accordance with Section IV.

E. The term "Non-Participating Opt-In Plaintiff" means each Opt-In Plaintiff who does not timely execute and return a Consent Form in accordance with Section IV.

F. The term "Plaintiffs" means the Named Plaintiffs and the Participating Plaintiffs, and shall also include any and all representatives, heirs, administrators, executors, beneficiaries, agents, attorneys, and assigns of such individuals, as applicable and without limitation.

G. The term "Notice" means the Notice of Proposed Collective Action Settlement, substantially in the form annexed as Exhibit B. The term "Consent Form" means the Consent to Join Settlement and Release Form, substantially in the form annexed as Exhibit C. The term "Consent Deadline" has the meaning set forth in Section IV.B.

H. The term "Preliminary Approval Order" means the Court's order granting the Preliminary Approval Motion described in Section III.A. The term "Final Approval Order" means the Court's order granting final approval of this Agreement, substantially in the form annexed as Exhibit A.

I. The term "Settlement Administrator" means Martom Solutions, Inc., which has been retained as the qualified administrator selected to mail the settlement payments and administer the calculation, allocation, and distribution of the Qualified Settlement Fund ("QSF"). Specifically, the Settlement Administrator shall be responsible for: (i) copying counsel for all Parties on material correspondence; (ii) promptly furnishing to counsel for the Parties copies of any Consent Forms, objections, or other written or electronic communications from Opt-In Plaintiffs that the Settlement Administrator receives; (iii) keeping track of Consent Forms and objections, including the date of receipt; (iv) preparing and emailing the Notice and Consent Form to Opt-In Plaintiffs following entry of the Preliminary Approval Order, and preparing and mailing the Settlement Checks to Plaintiffs following entry of the Final Approval Order, in accordance with this Settlement Agreement and any order of the Court; (v) within five days of receipt, ascertaining current address and addressee information foreach Settlement Check returned as undeliverable and re-mailing of the Settlement Check to the current address; (vi) responding to inquiries of Opt-In Plaintiffs regarding procedures for returning Consent Forms and submitting objections; (vii) referring to Plaintiffs'

Counsel all inquiries by Opt-In Plaintiffs regarding matters not within the Settlement Administrator's duties specified herein; (viii) responding to inquiries of Plaintiffs' Counsel and Defendants' Counsel consistent with the Settlement Administrator's duties specified herein; (ix) promptly apprising counsel for the Parties of the activities of the Settlement Administrator; (x) maintaining adequate records of its activities including the dates of the emailing of Notice and mailing of Settlement Checks; (xi) providing counsel for the Parties with weekly reports of Consent Forms and objections received; (xii) within seven (7) days after the Consent Deadline, providing counsel for the Parties with a declaration identifying the Participating Plaintiffs, the Non-Participating Opt-In Plaintiffs, and any objections received, and describing the notice process; (xiii) confirming in writing its completion of the administration of the settlement; and (xiv) such other tasks as the Parties mutually agree. The Settlement Administrator's costs and fees shall be $5,956.95 for its settlement administration.

## II. PAYMENT AND CONSIDERATION

A. ***Amount***:

1) Subject to specific terms and conditions set forth herein, Defendants agree to pay the total sum of One Hundred Ninety Thousand Dollars and No Cents ($190,000.00) in settlement of this matter, plus all employer taxes arising out of employment compensation, such as the employer's share of taxes including, FICA, FUTA and SUTA (hereinafter the "Employer Taxes"), and $2,978.48 of the Settlement Administrator's fees and costs (collectively "the Settlement Amount"). Payment of the Settlement Amount shall be conditioned on the Court's entry of the Final Approval Order.

2) Within thirty (30) days after the Court's entry of the Final Approval Order, Defendants shall wire transfer the Settlement Amount into the Qualified Settlement Fund ("QSF") established by the Settlement Administrator, and the Settlement Administrator shall issue payments as follows:

   a. A payment of Seventy-Five Thousand Dollars and No Cents ($75,000.00) to Named Plaintiff Kathleen LaDuca in full and complete satisfaction of her claims in this Action and a Ten Thousand Dollar ($10,000) service award for her lead role in this litigation and assistance with its resolution.

   b. A payment of Fifteen Thousand Dollars ($15,000) to Named Plaintiff Lucio LaDuca in full and complete satisfaction of his claims in this Action and a Ten Thousand Dollar ($10,000) service award for his lead role in this litigation and assistance with its resolution.

   c. A payment of One Thousand Dollars ($1,000.00) to each Participating Plaintiff in full and complete satisfaction of their claims in this Action.

d. A payment of $48,021.53 to Plaintiffs' Counsel, Virginia & Ambinder, LLP, for attorneys' fees, costs, and expenses in full and complete satisfaction of all claims by Plaintiffs or their counsel for attorneys' fees, costs and expenses of any kind whatsoever. Plaintiffs' Counsel will apply to the District Court for approval of said amount. Defendants will not oppose this application.

e. Of the Settlement Administrator's total fees and costs of $5,956.95, $2,978.47 shall be paid from the $190,000.00 settlement fund, and Bari Home Care, LLC shall pay the remaining $2,978.48 in addition to the $190,000.00 and Employer Taxes.

f. For each Non-Participating Opt-In Plaintiff, the One-Thousand Dollar ($1,000) allocation set forth in Section II.A.2(c) shall revert to Defendants.

3) The amount attributable to each Named Plaintiff and each Participating Plaintiff, excluding the Named Plaintiffs' service awards, shall be apportioned half to alleged lost wages, which shall be reported on a W-2 Form and the other half to alleged liquidated damages to be reported on a Form 1099. The Named Plaintiffs' service awards shall be reported entirely on a Form 1099 without withholding.

4) The payments will be allocated, and the checks will be mailed by the Settlement Administrator within fourteen (14) days after the Settlement Administrator receives the required settlement funding and necessary payee information, provided that the Court has entered the Final Approval Order. To aid with distribution of the Notice, Consent Forms, and settlement checks, counsel for the Parties will provide the Settlement Administrator with a list in Excel format that includes the names (first and last), last known mailing addresses, email addresses, and social security numbers for each Named Plaintiff and Opt-In Plaintiff, within seven (7) days after entry of the Preliminary Approval Order.

5) The Settlement Administrator shall be responsible for making all reporting and filings with respect to amounts payable under this Agreement pursuant to any federal, state, or local tax law or regulation hereunder under the EIN of the QSF account.

6) The Settlement Administrator shall report wage payments to the respective payees and to the appropriate taxing authorities on an IRS Form W-2. This portion of the settlement payment shall be subject to applicable employment taxes and withholding taxes.

7) The Settlement Administrator shall report payments for liquidated damages without tax withholdings to the respective payees and to the appropriate taxing

authorities on an IRS Form 1099.

8) The Settlement Administrator shall report payment of the Service Awards to the Named Plaintiffs without tax withholdings to the respective payees and to the appropriate taxing authorities on an IRS Form 1099.

9) The Settlement Administrator shall report payments of Plaintiffs' Counsel's costs and fees without tax withholdings to Plaintiffs' Counsel and to the appropriate taxing authorities on an IRS Form 1099.

10) The Settlement Administrator shall also calculate all Employer Taxes with respect to the wage payments made pursuant to this Agreement pay such Employer Taxes from the additional funds provided by Defendants for that purpose, remit all employee taxes withheld from the wage payments to the appropriate taxing authorities, and timely file all necessary and required tax reports and returns as required by law.

11) In the event that it is subsequently determined by any taxing authority that any payee owes any additional taxes with respect to any money distributed under this Settlement Agreement, it is expressly agreed that liability for such taxes rests exclusively with that payee, and that neither the Parties, nor Parties' Counsel, is responsible for the payment of such taxes, including any interest and penalties

12) Settlement checks that remain uncashed one-hundred-twenty (120) days after distribution shall be void, unless the Parties agree otherwise. Any uncashed settlement checks and all amounts remaining in the QSF one-hundred-twenty (120) days after the mailing of the settlement checks will revert to Defendants. For purposes of this provision, the mailing date shall be deemed to be the date posted on the settlement checks.

B. ***Failure to Pay***. If Defendants fail to make a payment required under this Agreement within the specified schedule above, Plaintiffs' counsel shall notify Defendants' counsel in writing by either overnight delivery, facsimile or electronic mail of the deficiency. Upon receipt of the notice, Defendants shall have five (5) days to cure the deficiency. In the event Defendants fail to cure the deficiency within five (5) days from receiving notice of the default, Plaintiffs shall be permitted, without any further notice, to reopen the Action or commence a new civil action to recover the entire unpaid portion of the Settlement Amount plus interest, liquidated damages in the amount of $10,000.00 to be proportionally distributed amongst the Plaintiffs, and reasonable costs and fees incurred in connection with enforcing the terms and conditions of this Agreement.

## III. COURT APPROVAL

A. On or before November 11, 2026, the Parties shall jointly move for preliminary approval of this Agreement (the "Preliminary Approval Motion"). The Preliminary

Approval Motion shall request that the Court: (i) preliminarily approve this Agreement as fair and reasonable; (ii) approve the Notice, the Consent Form, and the notice procedure set forth in Section IV; (iii) appoint the Settlement Administrator; (iv) grant final certification of the FLSA collective, for settlement purposes only, consisting of the Named Plaintiffs and the Opt-In Plaintiffs; (v) set the Consent Deadline and the deadline for objections; and (vi) schedule a final fairness hearing. Except as provided in herein, the Court's approval of all provisions of this Agreement is a material term of this Agreement.

B. Within fourteen (14) days after the Consent Deadline, Plaintiffs' Counsel shall move for final approval of this Agreement, which Defendants shall not oppose. The motion for final approval shall seek dismissal of the claims of the Named Plaintiffs and Participating Plaintiffs' with prejudice, as set forth in section VI.

C. For purposes of settlement only, the Parties stipulate that the Opt-In Plaintiffs are similarly situated to the Named Plaintiffs within the meaning of 29 U.S.C. § 216(b).

D. The Parties may jointly or individually seek reconsideration of a ruling by the Court declining to approve the Agreement in the form submitted by the Parties, or to seek Court approval of a renegotiated settlement.

E. If the Agreement is not approved by the Court, the Action will resume as if no settlement had been attempted and the Agreement and all negotiations, statements and proceedings relating thereto shall be without prejudice to the rights of any of the Parties, all of whom shall be restored to their respective positions prior to the settlement, and the stipulation set forth in Section III.C shall be null and void. The fact or terms of this Agreement shall not be admissible or admitted as evidence in the Action.

## IV. NOTICE TO OPT-IN PLAINTIFFS AND CONSENT TO SETTLEMENT

A. A Notice of Proposed Collective Action Settlement ("Notice") in the form annexed as Exhibit B, together with a Consent Form in the form annexed as Exhibit C, will be sent to the Opt-in Plaintiffs by email within ten (10) days after the later of entry of the Preliminary Approval Order or the Settlement Administrator's receipt of the list described in Section II.A.4.

B. Each Opt-In Plaintiff shall have forty-five (45) days from the date the Notice is initially emailed (the "Consent Deadline") to return a signed Consent Form to the Settlement Administrator. Only an Opt-In Plaintiff who timely returns a signed Consent Form shall become a Participating Plaintiff, shall be entitled to a settlement payment, and shall be bound by the release set forth in Section VI. An Opt-In Plaintiff who does not timely return a signed Consent Form shall not be bound by this Agreement, shall not release any claims, and shall not receive any payment hereunder. Counsel for the Parties may, by written agreement, accept a Consent Form received after the Consent Deadline but before the filing of the

motion for final approval. Nothing in this Agreement restricts Plaintiffs' Counsel from communicating with the Opt-In Plaintiffs, who are Plaintiffs' Counsel's clients, regarding this Agreement.

C. Any Opt-In Plaintiff may object to this Agreement by submitting a written objection to the Settlement Administrator, postmarked or emailed on or before the Consent Deadline, stating the Opt-In Plaintiff's name and address and the reasons for the objection. Any Opt-In Plaintiff may appear at the final fairness hearing, in person or through counsel, subject to any requirements set by the Court. The Settlement Administrator shall promptly provide copies of all objections to counsel for the Parties, and Plaintiffs' Counsel shall file them with the Court with the motion for final approval.

D. The claims of each Non-Participating Opt-In Plaintiff shall be dismissed without prejudice. Defendants agree that the statute of limitations applicable to the FLSA and NYLL claims of each Non-Participating Opt-In Plaintiff shall remain tolled through the sixtieth (60th) day after entry of the Final Approval Order. Defendants retain all existing limitations defenses with respect to the Non-Participating Opt-In Plaintiffs, including defenses against any already expired claims.

E. The back of all settlement checks shall contain the following endorsement:

**CONSENT TO SETTLEMENT AND FINAL RELEASE OF WAGE CLAIMS:**

***By endorsing and accepting payment of this check, I hereby release Bari Home Care, LLC and Asef Bari from any unpaid wage claims which could have been asserted under the Fair Labor Standards Act and New York Labor Law, including but not limited to overtime wage claims, arising out of and in connection with my employment or other engagement with Bari Home Care from the beginning of time to August 21, 2026.***

______________
**Dated**

______________
**Signature**

## V. ADDITIONAL CONSIDERATION BY THE PARTIES

A. ***No Retaliation***. Defendants agree not to engage in any activities against the Named Plaintiffs or any Opt-In Plaintiff, whether or not that Opt-In Plaintiff becomes a Participating Plaintiff, that are in retaliation for their participation in the Action or for their decision whether to consent or object to this Agreement, as prohibited by the FLSA and/or NYLL.

B. ***Continued Employment Permitted.*** Plaintiffs who remain employed with Defendants as of the time of execution of this Agreement do not forfeit their employment with Defendants as a condition of or in conjunction with this Agreement.

C. ***References/Employment Inquiries.*** Defendants agree to provide a neutral reference for Plaintiffs upon separation of employment. Defendants agree that any neutral references shall confirm dates of employment and positions held.

## VI. WAGE AND HOUR RELEASE

***Complete Release of All Wage Claims (Named Plaintiffs and Participating Plaintiffs*):** For and in return of the total payment specified above and upon the Court's entry of the Final Approval Order, and except as to such rights or claims as may be created by this Agreement, the Named Plaintiffs and each Participating Plaintiff, shall forever and fully release Defendants and their present and former subsidiaries, parent companies, holding companies, stockholders, officers, directors, employees, agents, servants, representatives, attorneys, insurers, affiliates, predecessors, successors and assigns (collectively "Releasees") from any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action, whether known or unknown, that were alleged or that reasonably arise out of the acts alleged in the Action, which means all claims for failure to pay minimum wage or overtime in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), including associated liquidated damages, interest, and penalty claims that were asserted or could have been asserted in this lawsuit under state or federal law. This release includes all claims for violation of the FLSA, NYLL, and any other claim for unpaid wages, whether under statute, common law, rule, regulation, ordinance, or equity principles, and the associated costs, fees, or other expenses including attorneys' fees incurred in this matter. This release shall be strictly limited to claims arising out of and in connection with a Plaintiff's employment or other engagement with Bari Home Care from the beginning of time to August 21, 2026**.**

## VII. MISCELLANEOUS

A. ***Governing Law***. This Agreement shall in all respects be interpreted, enforced and governed by the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

B. ***Continuing Jurisdiction***. The United States District Court for the Eastern District of New York shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement

contemplated thereby. The United States District Court for the Eastern District of New York shall not have jurisdiction to modify the terms of the Agreement or to increase Defendants' payment obligations hereunder.

C. ***Effective Date***. This Agreement shall be effective and enforceable upon the date of the Parties' execution of this Agreement, subject to the Court's approval.

D. ***Entire Agreement***. This writing is intended by the Parties as a final, complete, and exclusive statement of the terms of their understanding and shall supersede all prior negotiations, communications, agreements, or understandings of any nature whatsoever. If there is any conflicting language between this Agreement and any prior document, this document governs.

E. ***Severability***. Each provision of this Agreement is intended to be severable. In the event a portion of this Agreement is held to be legally invalid by a competent court of law, the invalid portion shall be stricken and all other obligations shall remain valid and mutually binding on the parties and not be affected thereby.

F. ***No Admission of Liability or Wrongdoing***. The Parties agree that this Agreement is not and shall not be construed as an admission by any Party of any liability or misconduct, or of any federal, state or local statute, regulation or ordinance. Moreover, neither this Agreement nor anything contained in it shall be construed to be or shall be admissible in any proceeding as evidence of any admission by Defendant of any violation of any policies or procedures or of any federal, state or local statute, regulation or ordinance. This Agreement may be introduced, however, in any proceeding to enforce the Agreement.

G. ***Knowing And Voluntary Waiver And Release***. The undersigned Defendants and Named Plaintiffs Kathleen LaDuca and Lucio LaDuca acknowledge that they are entering into this Agreement freely and voluntarily; that they have read this Agreement before signing same; that they have ascertained and weighed all the facts and circumstances likely to influence their judgment herein; that each has been represented by their own counsel and has consulted with said counsel about this matter to their satisfaction; that all the provisions hereof, as well as all questions pertaining thereto, have been fully and satisfactorily explained to each; that each has given due consideration to such provisions and finds them to be in their respective best interests; and, that each clearly understands and assents to all the provisions hereof.

H. ***Modification***. This Agreement can only be modified in a writing signed by all Parties or their duly authorized agents in accordance with New York law.

I. ***Interpretation***. Though one Party or its representatives may have drafted this Agreement, it shall be interpreted fairly, reasonably, and not more strongly against one Party than the other.

J. ***Counterparts and Signatures***. This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, and may be enforced as such. The parties agree that a faxed, scanned, or secured electronic signature shall have the same force and effect as an original signature and that this Agreement may be executed in counterparts by secured electronic signature software, fax, or pdf attachments to emails.

K. ***Headings***. Headings used in this Agreement are for convenience only and shall not be used in connection with the interpretation of any provision hereof.

L. ***Defined Terms***. Capitalized terms used in this Agreement shall have the meanings ascribed to them at the point where first defined, irrespective of where their use occurs, with the same effect as if the definitions of such terms were set forth in full and at length every time such terms are used.

M. ***Pronouns***. Wherever appropriate in this Agreement, personal pronouns shall be deemed to include the other gender and the singular to include the plural.

N. ***Disposal of Documents.*** Upon request by Defendants, Plaintiffs, through counsel, agree to return or destroy all documents produced by Defendants in this Action, with the exception that Counsel is permitted to retain a copy for its personal client files.

O. ***Representations by Plaintiffs.*** Plaintiffs represent and warrant that their claims to receive payment pursuant to the Agreement have not been assigned or encumbered.

P. ***Notices***. Any notice or communication that the Parties desire to give or are required to give to the other(s) shall be in writing and either sent by prepaid, registered or certified mail, return receipt requested, or by any so-called "overnight," or "one-day" mailing service addressed to such other Party, or by email at the address(es) set forth below. Notice shall be deemed communicated within three (3) business days from the date of mailing or on the date of actual receipt, whichever date is earlier, if delivered as provided in this paragraph. The addresses for notice are as follows, unless otherwise specified:

Q.

| PARTY | ADDRESS (C/O) |
|---|---|
| Defendants | Hector M. Roman, Jr., Esq.<br>LAW OFFICE OF HECTOR M. ROMAN P.C.<br>108-14 Jamaica Avenue,<br>Richmond Hill, NY 11418<br>T: (718) 533-8444 Ext. 1020<br>hroman@roman-law.org |
| Plaintiffs | LaDonna M. Lusher<br>Michele A. Moreno |

VIRGINIA & AMBINDER LLP
40 BROAD ST., 7TH FLOOR
New York, NY 10004
Tel: (212) 943-9080
llusher@vandallp.com
mmoreno@vandallp.com

**IN WITNESS WHEREOF**, the Parties have executed this Agreement on the dates set forth below.

Asef Bari (Nov 10, 2026 14:43:35 EST)
______________________________ ______________________________
Print Name: ASEF BARI, member Date
For Bari Home Care LLC

Asef Bari (Nov 10, 2026 14:43:35 EST)
______________________________ ______________________________
Asef Bari Date
For himself

______________________________ ______________________________
Kathleen LaDuca Date

______________________________ ______________________________
Lucio LaDuca Date

| | |
|---|---|
| | VIRGINIA & AMBINDER LLP<br>40 BROAD ST., 7TH FLOOR<br>New York, NY 10004<br>Tel: (212) 943-9080<br>llusher@vandallp.com<br>mmoreno@vandallp.com |

**IN WITNESS WHEREOF**, the Parties have executed this Agreement on the dates set forth below.

____________________________ ____________________________

Print Name: ASEF BARI, member Date
For Bari Home Care LLC

____________________________ ____________________________

Asef Bari Date
For himself

Kathleen LaDuca (Nov 11, 2026 12:40:23 EST) Nov 11, 2026

Kathleen LaDuca Date

____________________________ ____________________________

Lucio LaDuca Date

VIRGINIA & AMBINDER LLP
40 BROAD ST., 7TH FLOOR
New York, NY 10004
Tel: (212) 943-9080
llusher@vandallp.com
mmoreno@vandallp.com

**IN WITNESS WHEREOF**, the Parties have executed this Agreement on the dates set forth below.

______________________________ ______________________________
Print Name: ASEF BARI, member Date
For Bari Home Care LLC

______________________________ ______________________________
Asef Bari Date
For himself

______________________________ ______________________________
Kathleen LaDuca Date

Lucio LaDuca (Nov 10, 2026 21:05:51 EST) Nov 10, 2026
______________________________ ______________________________
Lucio LaDuca Date